The opinion of the Court was delivered by
Inglis, A. J.
The plaintiff's having abandoned their appeal touching the nature of the interests which the children of Ezekiel Pickens took, under his will, in the property, real and personal, therein devised and bequeathed to his *118 widow for life, the only question upon which the judgment of this Court is now required is that made by certain of the defendants respecting the power of the assignee of A. C. Pickens, under an assignment made while his interest was yet contingent, to dispose of that interest.
The Prison Bounds Act, (5 Stat. 78,) while exacting of the debtor, who seeks the benefit of enlargement which it proffers, an assignment of his whole estate if necessary, or otherwise of so much as will be sufficient to pay and satisfy the debt for which he is confined, does not in terms ascertain or define the estate, interest, or power, which the assignee, by virtue of such assignment, takes in or over the property and effects therein assigned. In this respect it is distinguished from the Insolvent Debtors Act of 1759, (4 Stat. 86.) Inasmuch, however, as the object of the assignment is the payment and satisfaction of the debt, such effect must be given to it as will, so far as from the nature of the property and interests assigned may be, accomplish this object. There is no absolute transfer of the debtor’s property to the assignee for his own proper use, for that would overreach its purpose wherever the property proved to be more than sufficient to pay and satisfy the debt. But there must be a power to enter upon, possess, and sell, to collect, or reduce into possession, according to the nature of the property, for this is necessary in order to payment and satisfaction. But no more is necessary, and therefore no more can be implied. Whatever of the property assigned has “ present existence and visible form” may be sold, for it is in law capable of sale, and that is the only proper mode of applying it in payment and satisfaction. Ohoses in action, such as bonds and other securities, may be collected, for that is the method appropriate to their nature of making them available. Contingent interests may be reduced into possession when the contingency is determined, and if the interest then attaches upon any thing having *119 "present existence and visible form,” so as to vest this in tbe debtor, doubtless tbe assignee, if payment and satisfaction has not been previously otherwise made, may, with the aid of equity, convert it by sale into the means of such payment and satisfaction. “A contingent remainder is included in the description, 'estate, property, and effects,’ mentioned in the Act of 1788, (5 Stat. 78,) and an omission to include it in the schedule is within the penalties of the Act,” (Clerry vs. Spears, 2 Sp. 687.) A debtor under arrest, and desiring the enlargement offered him by this Act, is therefore compelled to assign any such contingent interest that he may be entitled to. But the effect of his assignment thereof is not to vest any property m the assignee, for the debtor has no property capable of transfer. What he has is a possibility of property at some future time, arising, it may be, by gift or grant, but too remote and uncertain to be the subject of sale and conveyance. Such assignment operates, not as a grant, but as a contract or agreement to convey, and gives to the assignee a right of action only — that is, a right to compel specific performance by the assignor as soon as, by the determination of the contingency and the vesting of the estate, the assignor has acquired the power to perform it. The assignee has then a mere equitable chose in action. Such a chose in action is not the subject of sale; it is not-a marketable commodity. A power to sell in the market such a mere right, and by so doing to convey away the whole interest which the debtor may ultimately be entitled to in possession, without reference to the sufficiency of the proceeds of that interest, when actually reduced into possession, to fulfil the purposes of the assignment, cannot be implied from the fact of assignment. Nothing can be implied beyond the legal incidents, because more is not necessary in order to effectuate the purposes of the assignment. The assignee does not, by virtue of an assignment such as is now under consider *120 ation, take a power to sell in the market a bond or other security assigned, although the delay in its collection, resulting from the long postponement of its maturity by the terms, may be a grievance. He has pursued his debtor to the last extremity, and has got all he now has to give him; the limit of legal remedies for the present has been reached, and he may convert what he has got into the means of satisfaction in those legitimate modes severally appropriate to each kind of “ estate, property, and effects.” Under the Insolvent Debtors Act, upon the discharge of the debtor, all future remedy of the suing creditors is gone, and it is therefore their interest to make the property assigned yield for satisfaction its utmost value. Hence the large powers therein given cannot result in any injury to the debtor. But under the Prison Bounds Act, if the property assigned prove insufficient, the creditor may subject to the purpose of satisfaction any after-acquired property of his debtor. It will often be to his advantage to convert the property and interests assigned without delay, though at a sacrifice, and, secure of so much as these will yield, hold his judgment ready to fasten its lien on the future acquisitions, taking his chance for such further fruit as he may thus be able to gather. The only protection of the debtor is in the limited power of the assignee under this Act to dispose of all those kinds of interests most liable to a sacrifice. If he departs from the legitimate modes of the application of such interests to the satisfaction of his debt, and, in his eagerness for immediate realization, auctions in the market a mere contingency to which capability of sale is not a legal incident, when he calls upon the debtor through the Court to make his conveyance effectual by a specific performance of his agreement involved in the assignment, the debtor may justly reply, "Non in haec jcadera veni” — “I am ready to perform specifically my agreement, but only for the purposes for which that agree *121 ment was maple, to wit, that the estate now vested in possession may be applied, according to the intention of the assignment, to the payment and satisfaction of my debt.” Such application of the full value of the property which, upon the determination of the contingency, is the fruit of the expectancy assigned, was the consideration of the assignment, and the assignor may well insist upon that consideration being assured to him before he is required to convey. If the right derived under the assignment be capable of transfer at all, the transferee must take it subject to the equities of the assignor growing out of the original transaction, and through whatever number of successive mesne transfers it may pass, the final holder can be in no better condition than was the original assignee.
The wisdom of the law in discountenancing the sale of interests so remote and uncertain in their character is well illustrated in this case. A. C. Pickens had a contingent interest in remainder in two distinct gifts, the one a devise of realty, the other a bequest of personalty. At the time of the attempted sale, Samuel B. Pickens, one of his co-remaindermen under the will, was already dead, and the share of A. 0. Pickens, in case of his survivorship, was therefore at least one-fifth of the whole. Yet the interest in the two gifts was sold in a mass, and that interest described as one-sixth only.
A debtor who has made an assignment of this kind, where no power of present conversion by sale is expressly given by himself, or made incident by law, is entitled to the benefit of the full value of the interest when it shall be reduced into possession, whether the result be for his relief from the obligation of debts, or his own enjoyment of the surplus.
This Court concurs, therefore, with the Chancellor on this point, and the motion to reform the decree is refused, and the appeal dismissed.
Dunkin, C. J., concurred.
*122 Wardlaw, A. J.
I agree, except that as the contingency might have been wholly defeated by the death of A. 0. Pickens before his mother, the chance of obtaining certainly something for the creditors seems to me to have required a power of sale.

Appeal dismissed.